OWEN, WICKERSHAM & ERICKSON, P.C.
GREGORY N. OWEN, CBN 122825
455 Market Street, 19th Floor
San Francisco, California 94105
Telephone: 415-882-3200
Facsimile: 415-882-3232
E-Mail: gowen@owe.com

SEYFARTH SHAW LLP
CHRISTOPHER C. LARKIN, CBN 119950
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: 310-201-5289
Facsimile: 310-201-5219
E-Mail: clarkin@seyfarth.com

Attorneys for Defendant and Counter-claimant
OUTER CAPE IMPORTS LTD

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 – Fax 415/882-3232

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARR WINERY, INC., a California corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>OUTER CAPE IMPORTS LTD, a New York corporation,<br><br>        Defendant.<br><br>OUTER CAPE IMPORTS LTD, a New York corporation,<br><br>        Counter-claimant,<br><br>v.<br><br>CARR WINERY, INC., a California corporation,<br><br>        Counter-defendant. | Case No.  CV07-06826 PA VBKx<br><br>**ANSWER TO COMPLAINT FOR INJUNCTION AND OTHER EQUITABLE RELIEF AND DAMAGES AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT AND UNFAIR COMPETITION** |

1

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

1    Defendant, Outer Cape Imports Ltd., hereby answers the allegations of the

2 Complaint for Injunction and Other Equitable Relief and Damages For: (1) Federal

3 Trademark Infringement; (2) False Designation of Origin and Unfair Competition;

4 (3) Trademark Infringement Under California Law; (4) Trademark Dilution Under

5 California Law; (5) Unfair Competition Under California Law, as follows:

6                              **NATURE OF THE CASE**

7    1.    Defendant admits that the action filed by Plaintiff purports to be a

8 civil action for trademark infringement, false designation of origin, unfair

9 competition, and trademark dilution arising under the Trademark Act of 1946, as

10 amended, and the common and statutory law of the State of California.  Defendant

11 denies that it is using in interstate commerce a trade name, trademark and an

12 Internet domain name confusingly similar to Carr Winery's alleged trademark to

13 Carr Winery's alleged irreparable detriment.

14                           **JURISDICTION AND VENUE**

15    2.    Defendant admits the allegations of Paragraph 2 of the Complaint.

16    3.    Defendant denies each and every allegation set forth in Paragraph 3

17 of the Complaint.

18                                  **THE PARTIES**

19    4.    Defendant is informed and believes that the allegations of Paragraph

20 4 of the Complaint are true and correct and on that basis admits same.

21    5.    Defendant admits the allegations of Paragraph 5 of the Complaint.

22                      **FACTS COMMON TO ALL COUNTS**

23    6.    Defendant denies that Carr Winery has conducted business using

24 CARR VINEYARDS & WINERY as a corporate name and denies that Plaintiff

25 has sold goods in the nature of wine under the trademark "CARR."  Defendant

26 denies each and every allegation set forth in Paragraph 6 of the Complaint.

27    7.    Defendant is without knowledge or information sufficient to form a

28 belief as to the truth of the allegations of Paragraph 7 of the Complaint and

therefore denies same.

## CARR TRADEMARK

8.     Defendant denies that Carr Winery is a producer and retailer of wine under the trademark CARR.  Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

9.     Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies same.

11.     Defendant denies that it uses the CARR Mark.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and therefore denies same.

12.     Defendant admits the allegations of Paragraph 12 of the Complaint.

13.     Defendant denies each and every allegation set forth in Paragraph 13 of the Complaint.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies same.

16.     Defendant denies that Plaintiff's trademark is well known and distinctive or, in the alternative, has acquired such goodwill and secondary meaning such that it identifies and distinguishes Plaintiff's wines as emanating exclusively from a single source. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint and therefore denies same.

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

3

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies same.

**DEFENDANT'S UNLAWFUL CONDUCT**

20.     Defendant admits that it produces and sells wines using the trademark JOSEPH CARR.  Defendant denies each and every other allegation of Paragraph 20 of the Complaint.

21.     Defendant admits the allegations of Paragraph 21 of the Complaint.

22.     Defendant denies that it uses the mark CARR alone on wine labels and on marketing materials.  Defendant admits that it uses the trademark JOSEPH CARR on wine labels and marketing materials.  Defendant admits that a poor quality photocopy of one of Defendant's wine labels is attached as Exhibit B to the complaint.  Defendant denies each and every other allegation of Paragraph 22 of the Complaint.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff has established rights in its alleged mark and therefore denies same.  Defendant admits that it began use of its JOSEPH CARR trademark without Carr Winery's knowledge or consent.

24.     Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint.

25.     Defendant denies consumers and potential consumers can currently view Defendant's wines from its website and denies that a true and correct copy of

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

1  one of Defendant's current web pages is attached as Exhibit C to the Complaint.

2  Defendant admits the remaining allegations of Paragraph 25 of the Complaint.

3       26.    Defendant does not know what is meant by the allegation that

4  Defendant is capable of and actually transacts business in this District through its

5  interactive website and therefore is without knowledge or information sufficient to

6  form a belief as to the truth of the allegations of Paragraph 26 of the Complaint

7  and therefore denies same.

8       27.    Defendant denies each and every allegation set forth in Paragraph 27

9  of the Complaint.

10       28.    Defendant denies each and every allegation set forth in Paragraph 28

11  of the Complaint.

12       29.    Defendant denies each and every allegation set forth in Paragraph 29

13  of the Complaint.

14       30.    Defendant denies each and every allegation set forth in Paragraph 30

15  of the Complaint.

16  **INJURY TO CARR**

17       31.    Defendant denies each and every allegation set forth in Paragraph 31

18  of the Complaint.

19       32.    Defendant denies each and every allegation set forth in Paragraph 32

20  of the Complaint.

21       33.    Defendant denies each and every allegation set forth in Paragraph 33

22  of the Complaint.

23  **FIRST CLAIM FOR RELIEF**

24  **FEDERAL TRADEMARK INFRINGEMENT**

25  **15 U.S.C. § 114(1)**

26       34.    Defendant incorporates by reference its responses to paragraphs 1

27  through 33 above as if fully set forth herein.

28  / / /

35.     Defendant denies each and every allegation set forth in Paragraph 35 of the Complaint.

36.     Defendant denies each and every allegation set forth in Paragraph 36 of the Complaint.

37.     Defendant denies each and every allegation set forth in Paragraph 37 of the Complaint.

38.     Defendant denies each and every allegation set forth in Paragraph 38 of the Complaint.

## SECOND CLAIM FOR RELIEF

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

## 15 U.S.C. § 1125(a)

39.     Defendant incorporates by reference its responses to paragraphs 1 through 38 above as if fully set forth herein.

40.     Defendant denies each and every allegation set forth in Paragraph 40 of the Complaint.

41.     Defendant denies each and every allegation set forth in Paragraph 41 of the Complaint.

42.     Defendant denies each and every allegation set forth in Paragraph 42 of the Complaint.

43.     Defendant denies each and every allegation set forth in Paragraph 43 of the Complaint.

## THIRD CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA LAW

44.     Defendant incorporates by reference its responses to paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendant denies each and every allegation set forth in Paragraph 45 of the Complaint.

/ / /

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

Answer to Complaint, etc.; USDC CDCal Action No. CV07-06826 PA VBKx

46.     Defendant denies each and every allegation set forth in Paragraph 46 of the Complaint.

47.     Defendant denies each and every allegation set forth in Paragraph 47 of the Complaint.

## FOURTH CLAIM FOR RELIEF

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

48.     Defendant incorporates by reference its responses to paragraphs 1 through 47 above as if fully set forth herein.

49.     Defendant denies each and every allegation set forth in Paragraph 49 of the Complaint.

50.     Defendant denies each and every allegation set forth in Paragraph 50 of the Complaint.

51.     Defendant denies each and every allegation set forth in Paragraph 51 of the Complaint.

## FIFTH CLAIM FOR RELIEF

## UNFAIR COMPETITION UNDER CALIFORNIA LAW

52.     Defendant incorporates by reference its responses to paragraphs 1 through 51 above as if fully set forth herein.

53.     Defendant denies each and every allegation set forth in Paragraph 53 of the Complaint.

54.     Defendant denies each and every allegation set forth in Paragraph 54 of the Complaint.

55.     Defendant denies each and every allegation set forth in Paragraph 55 of the Complaint.

56.     Defendant denies each and every allegation set forth in Paragraph 56 of the Complaint.

/ / /

/ / /

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 – Fax 415/882-3232

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

57.    Each and every one of Plaintiff's causes of action stated in the Complaint fail to state a claim against Defendant upon which relief can be granted. Fed. Rule Civ. P.12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

58.    Plaintiff lacks standing to sue on the First Claim for Relief, Federal Trademark Infringement pursuant to 15 U.S.C. §1114(1).  Plaintiff does not hold a federal registration for its alleged trademark.

### THIRD AFFIRMATIVE DEFENSE

59.    The word "CARR" is primarily merely a surname and is incapable of serving as a trademark absent established secondary meaning.  Defendant adopted and first used its JOSEPH CARR trademark as early as February 2006.  Plaintiff alleges first use of its trademark CARR VINEYARDS & WINERY (Stylized) in August 2002.  Upon information and belief, Plaintiff's mark had not acquired secondary meaning as of Defendant's adoption and use of its JOSEPH CARR trademark.

### FOURTH AFFIRMATIVE DEFENSE

60.    The word "CARR" is primarily merely a surname and is incapable of serving as a trademark absent established secondary meaning.  Upon information and belief, Plaintiff's mark has not acquired secondary meaning and is not a protectable trademark.

### FIFTH AFFIRMATIVE DEFENSE

61.    The word "CARR" is primarily merely a surname and is incapable of serving as a trademark absent established secondary meaning.  Upon information and belief, if Plaintiff's mark CARR VINEYARDS & WINERY had acquired sufficient secondary meaning as of the time Defendant adopted and began use of its JOSEPH CARR trademark in February 2006, the alleged mark is inherently

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

weak and entitled to a narrow scope of protection against substantially identical marks.  Selection of a mark with a common surname naturally entails a risk of uncertainty and the law will not ensure absolute protection.  Plaintiff's rights do not extend to preventing Defendant from using its principal's full name JOSEPH CARR to identify Defendant and Joseph Carr as the source of Defendant's wines.

## SIXTH AFFIRMATIVE DEFENSE

62.     Upon information and belief, the surname "Carr" is a common element of trademarks for a broad range of products and services.  Plaintiff has not established secondary meaning in, and therefore does not have the sole and exclusive right to use the surname "Carr" in association with wines and does not have the right to preclude others, including Defendant, from using "CARR" formative trademarks for wines, including Defendant's use of it's principal's name "Joseph Carr."

## SEVENTH AFFIRMATIVE DEFENSE

63.     Plaintiff's alleged mark does not and cannot identify Plaintiff as a single source of wine bearing the surname "Carr."  Prior to and concurrent with Plaintiff's adoption and first use of its alleged trademark there was sold in commerce a Chardonnay featuring the trademark CARR VINEYARD produced and bottled by Patz & Hall Wine Co., Rutherford, Napa Valley, California.  Upon information and believe the Patz & Hall CARR VINEYARD Chardonnay was sold for several consecutive years starting in the late 1990s and through at least 2002.  Patz & Hall CARR VINEYARD Chardonnay is a very high rated wine and continues to be well known and sought after.

## EIGHTH AFFIRMATIVE DEFENSE

64.     Use by Defendant of its principal's name JOSEPH CARR in association with wines has not caused, and is not likely to cause, confusion, mistake, or deception among consumers or within the trade as to the source or origin of Defendant's wines, or as to the existence of any connection, association,

9

1    or relationship between Plaintiff and Defendant.

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 – Fax 415/882-3232

## NINTH AFFIRMATIVE DEFENSE

65.    Defendant's JOSEPH CARR trademark is entirely different in sight, sound, and overall commercial impression from Plaintiff's alleged mark CARR VINEYARDS & WINERY (Stylized).

## TENTH AFFIRMATIVE DEFENSE

66.    Upon information and belief the predominant channels of trade and means of advertising, promoting, distributing, offering for sale, and selling of the parties' respective wines are separate and distinct precluding or minimizing any likelihood of confusion, mistake, or deception among consumers or within the trade as to the source or origin of the parties' respective wines, or as to the existence of any connection, association, or relationship between Plaintiff and Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

67.    To the extent that there is any possibility of persons associating one party with the other, such possibility derives from the fact that there are two individuals with the same common surname working in the wine industry, and not from any actionable confusion as to source. Both parties are entitled to use their names to identify themselves as the source of their respective wines.

## TWELFTH AFFIRMATIVE DEFENSE

68.    Plaintiff lacks standing to sue on the Third Claim for Relief , Trademark Infringement Under California Law, Cal. Bus. & Prof. Code §14335. Plaintiff does not hold a federal or state registration for its alleged trademark.

## THIRTEENTH AFFIRMATIVE DEFENSE

69.    Plaintiff lacks standing to sue on the Fourth Claim for Relief , Trademark Dilution Under California Law, Cal. Bus. & Prof. Code §14330. Plaintiff's alleged trademark is not a distinctive mark within the meaning of the statute and applicable case law. Only the most distinctive, famous marks are

10

1  eligible for protection against dilution under this statute.

2  ## FOURTEENTH AFFIRMATIVE DEFENSE

3      70.    Plaintiff lacks standing to sue on the Fourth Claim for Relief ,

4  Trademark Dilution Under California Law, Cal. Bus. & Prof. Code §14330.

5  Plaintiff's alleged trademark was not a distinctive mark within the meaning of the

6  statute and applicable case law as of February 2006, when Defendant first began

7  use of its JOSEPH CARR trademark.

8  ## FIFTEENTH AFFIRMATIVE DEFENSE

9      71.    Plaintiff lacks standing to sue on the Fourth Claim for Relief ,

10 Trademark Dilution Under California Law, Cal. Bus. & Prof. Code §14330.

11 Defendant's JOSEPH CARR trademark is not substantially identical to Plaintiff's

12 alleged trademark CARR VINEYARDS & WINERY (Stylized), as required by the

13 statute and applicable case law in order to be entitled to relief for trademark

14 dilution.

15 ## SIXTEENTH AFFIRMATIVE DEFENSE

16     72.    Upon information and belief, Plaintiff's claims arise not from any

17 genuine belief that Defendant's use of JOSEPH CARR infringes upon Plaintiff's

18 alleged trademark, but for anti-competitive purposes, to prevent Defendant from

19 fairly describing and identifying Joseph Carr as the source of Defendant's wines,

20 to adversely impact Defendant's ability to sell wines, and to unfairly gain a

21 competitive advantage and to harass Defendant.

22 ## SEVENTEENTH AFFIRMATIVE DEFENSE

23     73.    Defendant's use of the mark JOSEPH CARR is not a violation of any

24 right of Plaintiff established or recognized under any state law or common law,

25 including, but not limited to, any law relating to unfair competition, dilution,

26 trademarks, trade names or injury to business reputation.

27 ///

28 ///

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 – Fax 415/882-3232

## COUNTERCLAIM FOR DECLARATORY JUDGMENT
## AND UNFAIR COMPETITION

Defendant and Counter-claimant OUTER CAPE IMPORTS LTD. ("Counter-claimant") alleges for its counterclaim against Plaintiff CARR WINERY, INC. ("Counter-defendant") as follows:

### THE PARTIES

74.     Counter-claimant Outer Cape Imports Ltd.  is a New York corporation and has its principal place of business at 424 River Road, Sciatic Landing, NY 12156.

75.     Upon information and belief, Counter-defendant Carr Winery, Inc. is a California corporation with its principal place of business located at 414 N. Salsipuedes, Santa Barbara, California 93101.

### JURISDICTION AND VENUE

**Subject Matter Jurisdiction**

76.     The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 2201 et seq., as those claims arise under 15 U.S.C. § 1125(a) et seq.  Ancillary jurisdiction over Counterclaim II exists as the claims arise out of the same transaction and occurrences as the claims over which the Court has original jurisdiction.

77.     Upon information and belief, Counter-defendant's principal place of business is located in the state of California and within this judicial district, thus subjecting it to the personal jurisdiction of this Court.

**Venue**

78.     Upon information and belief, venue is proper is this district pursuant to 28 U.S.C. § 1391(b), as Counter-defendant is doing business in this judicial district and therefore may be found in this district.

/ / /

## ALLEGATIONS COMMON TO ALL COUNTS

79.    This counter-claim is initiated against Counter-defendant seeking declaratory judgment of Counter-claimant's continued right to use its JOSEPH CARR trademark in connection with Counter-claimant's wines, Counter-claimant's right to use its wine bottle trade dress and label as displayed in Exhibit 1 attached hereto, and Counter-claimant's right to obtain a federal trademark registration related to the mark JOSEPH CARR.   Counter-claimant seeks such relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 et seq. and the Lanham Act, 15 U.S.C. § 1051 et seq.

### Counter-claimant's Use Of It's JOSEPH CARR Trademark

80.    Counter-claimant is a producer of fine wines advertised, promoted, marketed, distributed, offered for sale, and sold under the primary trademark JOSEPH CARR since as early as February 2006.  The principal and owner of Counter-claimant is Mr. Joseph Carr.

81.    For more than twenty five years Mr. Joseph Carr has been actively involved in the wine industry, giving his name significant value and goodwill.  Mr. Joseph Carr is a Level One Master Sommelier, a published wine writer and wine judge,  and has lectured extensively on the subject of wine.  He has won awards for his wine list designs, and has served in various sales, marketing and executive positions with prominent wine businesses.  Based on the reputation associated with his name within the wine trade, Mr. Joseph Carr chose to use his name as a primary brand for his moderately priced white and red wines.

82.    Mr. Joseph Carr's first release of wines was in February 2006.  The labels developed for the first production were an artistic endeavor that featured the surname "CARR" printed in script style, with the given name "JOSEPH" appearing in an embossed format.  Although the name "JOSEPH" could be difficult to see, the source of the wine was made perfectly clear by the prominent statement "VINTED AND BOTTLED BY JOSEPH CARR" on the front label and "VINTED AND

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 – Fax 415/882-3232

13

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

1   BOTTLED BY JOSEPH CARR, SONOMA, CA" on the back label.  Immediately Mr.

2   Joseph Carr recognized that the original labels were not achieving the desired brand

3   impact for JOSEPH CARR and began the process of designing new labels for the

4   next releases, scheduled for August/September 2007.  Several JOSEPH CARR labels

5   additionally include the website address www.josephcarrwine.com

6        83.   Counter-claimant's JOSEPH CARR wines have been very well received,

7   striking the favorable balance between high quality wine and a reasonable price point.

8   As a result of the efforts of Counter-claimant and its exclusive distributor, JOSEPH

9   CARR branded wines have become very well and favorably known and have

10   achieved significant brand value in the JOSEPH CARR trademark in a short period

11   of time.  The JOSEPH CARR trademark and label trade dress are extraordinarily

12   valuable assets of Counter-claimant and Counter-claimant's inability to continue use

13   of its trademark and trade dress would result in irreparable injury to Counter-

14   claimant.

15        84.   Counter-claimant has expended substantial time, energy and resources

16   promoting, advertising and marketing Counter-claimant's wines under the name and

17   mark JOSEPH CARR and the JOSEPH CARR wine labels.  These efforts, coupled

18   with the high quality of Counter-claimant's wines, have created a substantial amount

19   of good will and consumer recognition for Counter-claimant, whose name and marks

20   JOSEPH CARR and the JOSEPH CARR wine labels have become inextricably

21   associated with Counter-claimant and its quality wines.

22   **Counter-defendant's Use Of It's CARR VINEYARDS & WINERY (Stylized)**

23   **Mark**

24        85.   Upon information and belief, Counter-defendant is a producer and seller

25   of wine using the name CARR VINEYARDS & WINERY (Stylized).  The principal

26   of Counter-defendant is Mr. Ryan Carr.

27        86.   Upon information and belief, Counter-defendant uses the name CARR

28   VINEYARDS & WINERY (Stylized) exclusively as shown is Exhibit A to Counter-

14

1   defendant's complaint.  Upon information and belief, Counter-defendant does not

2   have any rights in the common surname "Carr" alone in connection with wine.

3        87.   Upon information and belief, Counter-defendant alleges that it first

4   began use of its CARR VINEYARDS & WINERY (Stylized) trademark as early as

5   August 1, 2002.

6        88.   A word that is primarily merely a surname requires proof of acquired

7   distinctiveness (secondary meaning) before it is entitled to protection as a trademark.

8   Upon information and belief, Counter-defendant has not acquired secondary meaning

9   associating the common surname "Carr" with Counter-defendant exclusively.

10  Further, upon information and belief, Counter-defendant had not acquired secondary

11  meaning in it's alleged trademark as of February 2006 when Counter-claimant began

12  use of its JOSEPH CARR trademark.   Upon information and belief Counter-

13  defendant's advertisement, promotion, and sales of products bearing its alleged

14  trademark have been insufficient to establish the requisite secondary meaning

15  associating Counter-defendant's alleged mark with Counter-defendant exclusively.

16  Further, upon information and belief, concurrent with Counter-defendant's use of its

17  alleged mark there was a wine produced and sold by an unrelated third party, Patz &

18  Hall, using the trademark and vineyard designation "CARR VINEYARD," rendering

19  the acquisition of secondary meaning and the exclusive association of the surname

20  "Carr" with Counter-defendant a legal impossibility.

21       89.   Upon information and belief, even if secondary meaning in Counter-

22  defendant's alleged trademark can be established as of February 2006, the rights

23  accorded the mark are narrow in scope and do not extend to the use by another Carr

24  of his full name to identify himself as the source of his products.  Even if CARR

25  VINEYARDS & WINERY (Stylized) had acquired sufficient secondary meaning so

26  as to be entitled to some protection, that protection does not extend to Counter-

27  claimant's use of the JOSEPH CARR name to identify Joseph Carr and his company

28  as the source of his wines.  The trademarks of the parties are sufficiently different in

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 – Fax 415/882-3232

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

1    sight, sound and meaning so as to make the different sources of the products clear.

2    Likewise, the labels used by the parties are different in appearance and make plain the

3    different sources.  To the extent that there is any possibility of consumers associating

4    one party with another, that association derives solely from the fact that there are

5    several individuals with the same common surname working in the wine industry.

6    Counter-defendant has no right to prevent or interfere with Counter-claimant's use

7    of the JOSEPH CARR name and trademark to identify wines produced by Joseph

8    Carr.

9        90.    Counter-claimant is not aware of any instances of consumer or trade

10   confusion as to the source of Counter-claimant's wines or an association of Counter-

11   claimant with Counter-defendant.

## FIRST CLAIM FOR DECLARATORY RELIEF

13       91.    Counter-claimant restates and reavers the allegations of Paragraphs 1

14   through 90, inclusive, as if here set forth in full as part of this First Counterclaim.

15       92.    By virtue of Counter-defendant's bringing this action for  trademark

16   unfair competition, an actual justiciable controversy exists between the parties

17   concerning Counter-claimant's entitlement to continued use of its JOSEPH CARR

18   trademark.

19       93.    Counter-defendant has no protectable right in its alleged trademark

20   because the common surname "Carr" had not acquired secondary meaning associating

21   the surname with Counter-defendant exclusively as of February 2006, the date of

22   Counter-claimant's first use of the JOSEPH CARR trademark.

23       94.    If Counter-defendant's CARR VINEYARDS & WINERY (Stylized)

24   trademark had acquired secondary meaning as of February 2006, the rights accorded

25   to the mark are narrow in scope and do not encompass Counter-claimant's use of

26   JOSEPH CARR to identify goods from Joseph Carr.  JOSEPH CARR is sufficiently

27   different in sight, sound and meaning from CARR VINEYARDS & WINERY

28   (Stylized) so as to preclude a likelihood of confusion.  The source of JOSEPH CARR

16

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 – Fax 415/882-3232

1 wines is clear.

2     95.    If Counter-defendant's CARR VINEYARDS & WINERY (Stylized)

3 trademark had acquired secondary meaning as of February 2006, there is no

4 likelihood of consumer confusion, mistake or deception by reason of Counter-

5 claimant's use of its JOSEPH CARR trademark.

6     96.    Counter-claimant is entitled to federal registration of its trademark

7 JOSEPH CARR for wines.

8     97.    Counter-claimant has not committed any acts of unfair competition or

9 falsely designated the origin of its goods and services by virtue of its use of its

10 JOSEPH CARR trademark.

11     98.    Counter-claimant does not commit any acts of unfair competition or

12 falsely designate the origin of its goods and services by virtue of its use of its

13 JOSEPH CARR trademark in the form and manner as shown in Exhibit 1 hereto.

14     99.    Pursuant to 28 U.S.C. § 2201 et seq., Counter-claimant is entitled to a

15 declaration of its rights with respect to the subject matter of such controversy.

16     100.    Counter-claimant has no adequate remedy at law.

17 **SECOND COUNTERCLAIM FOR RELIEF FOR DAMAGES**

18     101.    Counter-claimant restates and reavers the allegations of Paragraphs 1

19 through 100, inclusive, as if here set forth in full as part of this Second Counterclaim.

20     102.    This claim is for unfair competition under California Statutory and

21 Common Law.

22     103.    Counter-claimant is informed and believes and therefore alleges that

23 Counter-defendant is well aware that Counter-claimant does not infringe any rights

24 of Counter-defendant, despite such awareness, Counter-defendant threatened to, and

25 in fact did sue Counter-claimant by a trademark infringement lawsuit. Counter-

26 defendant's claims arise not from any genuine belief that Counter-claimant's use of

27 the trademark JOSEPH CARR is likely to cause confusion, deception or mistake or

28 infringes upon Counter-defendant's alleged trademark, but for anti-competitive

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

1  purposes, to prevent Counter-claimant from fairly identifying the source of its wines,

2  to adversely impact Counter-claimant's ability to sell wines and to unfairly gain a

3  competitive advantage and to harass Counter-claimant.

4      104.   Upon information and belief, the aforesaid acts of Counter-defendant are

5  wilful and intentional and for the purpose of interfering with the sale of Counter-

6  claimant's wines.

7      105.   The aforesaid acts of Counter-defendant constitute unfair competition

8  in violation of Counter-claimant's rights under California Business and Professions

9  Code Section 17200 et. seq. and the common law.

10      106.   The acts of Counter-defendant will continue unless enjoined by this

11  Court , and Counter-claimant has no adequate remedy at law.

12      107.   Counter-claimant reasonably fears and apprehends that it will suffer loss

13  of money and property hereinafter unless Counter-defendant shall be enjoined by this

14  Court from continuing the use of said unfair methods of unfair competition and unfair

15  deceptive acts and practices.

16

17      WHEREFORE, Counter-claimant prays for judgment in its favor as follows:

18      1.   Dismissing with prejudice the entirety of Counter-defendant's complaint

19  and each cause of action stated therein and ordering that Counter-defendant take

20  nothing by its complaint;

21      2.   Ordering that no injunctive relief of any kind be entered against Counter-

22  claimant;

23      3.   Declaring that Counter-claimant's use of its JOSEPH CARR trademark:

24          i.   does not constitute a false designation of origin or act of unfair

25              competition in violation of 15 U.S.C. § 1125(a); and

26          ii.   does not infringe any common law trademark rights of Counter-

27              defendant;

28      4.   Declaring that Counter-claimant has not engaged in unfair competition

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor ~ San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

1   nor violated the trademark rights, if any, of Counter-defendant by use of the

2   trademark JOSEPH CARR, and that continued use of the JOSEPH CARR trademark

3   will not violate the trademark rights or any other rights of Counter-defendant;

4        5.    Declaring that Counter-claimant's aforementioned JOSEPH CARR

5   trademark is valid and in force and does not create a likelihood of confusion with

6   Counter-defendant's alleged trademark rights in and to the mark CARR

7   VINEYARDS & WINERY (Stylized) and is therefore be entitled to registration on

8   the federal trademark register;

9        6.    Declaring that the word "Carr" is primarily merely a surname and that

10  it had not acquired secondary meaning associated with Counter-defendant exclusively

11  prior to Counter-claimant's adoption and use of JOSEPH CARR and therefore

12  Counter-defendant has no protectable interest or right in CARR or CARR

13  VINEYARDS & WINERY as trademarks;

14       7.    Declaring that Counter-defendant's trademark rights, if any, are limited

15  to the mark CARR VINEYARDS & WINERY (Stylized) and Counter-claimant's

16  JOSEPH CARR trademark does not create a likelihood of confusion with Counter-

17  defendant's mark;

18       8.    Declaring that Counter-claimant's label and trade dress as depicted in

19  Exhibit 1  attached hereto:

20            i.    does not constitute a false designation of origin or act of unfair

21                competition in violation of 15 U.S.C. § 1125(a); and

22            ii.    does not infringe any common law trademark rights of Counter-

23                defendant;

24       9.    Enjoining Counter-defendant, its officers, directors, employees, agents

25  and those in privity with them from:

26            i.    claiming or charging that Counter-claimant is infringing or

27                violating Counter-defendant's trademark rights or in any other

28                way unfairly competing with Counter-defendant; and

1          ii.     wrongfully interfering with Counter-claimant's business;

2      10.    Awarding Counter-claimant an amount of compensatory damages to be

3 determined at trial;

4      11.    Awarding Counter-claimant its costs and attorneys' fees in defending

5 this action;

6      12.    Awarding Counter-claimant such other and further relief as the Court

7 may determine to be just and proper.

8

9 Dated: January 22, 2008        OWEN, WICKERSHAM & ERICKSON P.C.

10

11             By:   /s/ Gregory N. Owen

12                    Gregory N. Owen
                           Attorneys for Defendant

13                      OUTER CAPE IMPORTS LTD

14

15 S:\1Clients\OUTER\70001\Answer-Counterclaim.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

Owen, Wickersham & Erickson, P.C.
455 Market Street, 19th Floor – San Francisco, California 94105
Voice 415/882-3200 ~ Fax 415/882-3232

Answer to Complaint, etc.; USDC CDCal Action No. CV07-06826 PA VBKx

**EXHIBIT 1**





